**Electronically Filed**
**Intermediate Court of Appeals**
**29868**
**02-APR-2012**
**09:19 AM**

NO. 29868

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


EMERSON M.F. JOU, M.D., Provider-Appellant, v.
J.P. SCHMIDT, Insurance Commissioner, Department of Commerce
and Consumer Affairs, State of Hawai'i, Appellee-Appellee, v.
DAI-TOKYO ROYAL INSURANCE COMPANY, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 05-1-1053)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Provider-Appellant Emerson M.F. Jou, M.D. (**Jou**) appeals from the Circuit Court of the First Circuit's (**Circuit Court's**) Final Judgment On Remand, filed on May 19, 2009.[1]

Jou states his points of error on this appeal as follows:

> 1. The Circuit Court, to help exculpate or release DTRIC from liability to pay claims filed with DTRIC in 1995/1996 underlined refused to conform or modify its prior orders or judgment to the ICA's decision that DTRIC underlined violated HRS § 431:10C-304(3)(B).

> 2. [The] Circuit Court reversibly refused to base its determination on the time that the physician filed his claim with DTRIC. Instead, the Circuit Court based its decision on the event of benefit exhaustion occurring about three years after the claims were filed.

> 3. On remand, the Court was required to modify its earlier decision and to determine fees and costs, and erroneously/reversibly refused.

---

[1]    The Honorable Eden Elizabeth Hifo presided.

4. The Circuit Court reversibly failed to reconsider its ruling to reflect the ICA's conclusion regarding DTRIC's statutory violation; or, to make clear that at the time Dr. Jou filed his claims with DTRIC in 1995 and 1996 that the PIP benefits had not been exhausted; hence, the claims filed with the insurer were reasonable.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Jou's contentions as follows:

This appeal follows Jou's appeal in Appeal No. 28106. In a Summary Disposition Order, entered on August 27, 2008, this court affirmed the Circuit Court's judgment in the underlying case, specifically including the Circuit Court's denial of Jou's request for attorney's fees and costs. On this issue, we stated:

> [A]lthough HRS § 431:10C-304(5) provides for attorney's fees and costs, such fees and costs are only available if they were incurred "to effect the payment of any or all personal injury protection benefits found due under the contract." Thus, under HRS § 431:10C-304(5), an award of attorney's fees and costs is mandatory only if a claimant prevails in a settlement or suit for no-fault benefits. See Iaea v. TIG Ins. Co., 104 Hawaiʻi 375, 380, 90 P.3d 267, 272 (App. 2004). Here, Jou did not prevail on his claim for no-fault benefits, and HRS § 431:10C-304(5) therefore does not support his claim for attorney's fees and costs.
>
> Although not cited by Jou, we note that HRS § 431:10C-211(a) provides discretion to a court to award attorney's fees and costs even if the claimant is unsuccessful. See also Iaea, 104 Hawaiʻi at 379-83, 90 P.3d at 271-74. Even assuming Jou had raised HRS § 431:10C-211(a) as the appropriate statutory authority for his claim, Jou has failed to present any cogent argument that the Circuit Court abused its discretion in declining to award him fees and costs in this case.

(Footnote omitted.)

After the entry of the judgment in Appeal No. 28106, Jou filed a request for an award of the attorney's fees incurred in the appeal, citing HRS § 431:10C-211(a). While noting that the amount of appellate fees and costs appeared to be reasonable (except as noted), this court declined to award attorney's fees and costs to Jou, instead remanding the request to the Circuit Court. In doing so, we stated:

2

> [A]s [Jou] was not the prevailing party in this case, a further proceeding is necessary to determine whether his claim was 'unreasonable, fraudulent, excessive, or frivolous.' We recognize that an award of attorney's fees and costs is not limited to the prevailing party. Iaea v. TIG Ins. Co., 104 Hawai'i 375, 383, 90 P.3d 267, 274 (App. 2004) (citing Kawaihae v. Hawaiian Ins. Cos., 1 Haw. App. 355, 358-59, 619 P.2d 1086, 1089-90 (1980)) (decided under the predecessor to HRS § 431:10C-211(a)). However, the reasonableness of a claim is not as readily apparent when the claim is unsuccessful at both the trial level and on appeal.
>
> In Kawaihae, this court held that 'the issue of fees on appeal should be decided by the trial court in the exercise of its discretion pursuant to HRS § 294-30.' Kawaihae, 1 Haw. App. at 362, 619 P.2d at 1092. The rationale for remand to the trial court is equally sound under HRS § 431:10C-211(a).

HRS § 431:10C-211(a) (2005) provides, in relevant part:

> A person making a claim for personal injury protection benefits <u>may be allowed an award of a reasonable sum for attorney's fees</u>, and reasonable costs of suit in an action brought by or against an insurer who denies all or part of a claim for benefits under the policy, <u>unless the court upon judicial proceeding or the commissioner upon administrative proceeding determines that the claim was unreasonable, fraudulent, excessive, or frivolous</u>. Reasonable attorney's fees, based upon actual time expended, shall be treated separately from the claim and be paid directly by the insurer to the attorney.

(Emphasis added.)

On remand, the Circuit Court denied Jou's request for appellate attorney's fees. The Circuit Court found that Jou's claim was not fraudulent, excessive or frivolous, but on the issue of unreasonableness, the Circuit Court stated:

> [T]his Court is mindful of the body of case law holding that an insurance company has no obligation to pay on a claim for No-fault/PIP benefits beyond the No-fault/PIP policy limit. This Court further finds that the finding by the Hearings Officer that the policy benefits were exhausted as of February 3, 1999 was clear and was never challenged by JOU. Accordingly, this Court finds JOU's arguments and his claims that reimbursement should have been paid under the provisions of the No-fault/PIP insurance policy of DTRIC were unreasonable.

On this basis, the Circuit Court denied Jou's request for an award of his appellate attorney's fees incurred in Appeal No. 28106.

3

Jou's first and third points of error are wholly without merit. The sole issue on remand was whether Jou's request for appellate attorney's fees and costs in Appeal No. 28106 should be granted or denied.

Jou's second and fourth points challenge the Circuit Court's exercise of its discretion in denying an award of appellate attorney's fees after finding that the appellate attorney's fees were not reasonably incurred because, in 2005 – long before the appeal was taken in No. 28106, an administrative hearings officer found that the subject No-fault/Personal Injury Protection (**PIP**) benefits were exhausted on February 3, 1999, Jou never challenged that finding in his appeal to the Circuit Court, and, therefore, further fees incurred in pursuing PIP benefits on appeal from the Circuit Court to this court were not reasonably incurred.

We conclude that the Circuit Court did not abuse its discretion in denying appellate attorney's fees and costs. We reject Jou's contention that the only proper consideration is whether the claim was "unreasonable" when the claim was first instituted. While that is certainly a proper consideration, it was also appropriate for the court to consider, when reviewing a request for appellate fees, whether it was reasonable to continue to pursue the claim through a secondary appeal, even though the PIP benefits had long been exhausted and the claimant had, in effect, conceded that the benefits were exhausted. Cf. Kawaihae, 1 Haw. App. at 362, 619 P.2d at 1092 ("the fact that appellee has been awarded attorney's fees incurred with respect to the trial does not require that she be awarded attorney's fees incurred with respect to the appeal"; "the issue of fees on appeal should be decided by the trial court in exercise of its discretion").

4

Jou makes further arguments that his appeal in No. 28106 was not completely meritless, in particular noting that this court agreed with Jou that the DCCA and the Circuit Court erred in finding that DTRIC was not required to issue a formal notice of denial of benefits pursuant to HRS § 431:10C-304(3)(B) after it made both reduced and partial payments on Jou's claims. However, DTRIC's failure to give the statutory notice merely exposed the insurer to potential civil penalties pursuant to HRS § 431:10C-117(b) and (c); it did not provide a remedy to Jou on appeal. Jou v. Schmidt, 117 Hawai'i 502, 505 n.6, 184 P.3d 817, 820 n.6 (App. 2008). Jou's further arguments do not support a conclusion that the Circuit Court abused its discretion in denying Jou's appellate attorney's fees.

For these reasons, the Circuit Court's May 19, 2009 Judgment on Remand is affirmed.

DATED: Honolulu, Hawai'i, April 2, 2012.

On the briefs:

Stephen M. Shaw
for Provider-Appellant

David A. Webber
Deborah Day Emerson
Deputy Attorneys General
for Appellee-Appellee

J. Patrick Gallagher
Hiro S. Takei
(Henderson Gallagher & Kane)
for Respondent-Appellee

Presiding Judge

Associate Judge

Associate Judge

5